IN RE PETITION OF CHRISTOPHER    )
(ANDY) DONALDSON,    )
   )
   Petitioner,    )        No. 1:26-mc-13-TRM-MJD
   )
   )

## MEMORANDUM AND ORDER

Before the Court is a Verified Petition to Perpetuate Testimony Pursuant to Federal Rule of Civil Procedure 27(a) [Doc. 1 (the "Petition")], filed by Christopher ('Andy') Donaldson ("Mr. Donaldson") on April 13, 2026 [Doc. 1]. Mr. Donaldson asks the Court to allow him to take his own deposition to be used in connection with a lawsuit he plans to bring against his former employer, KTM Builders LLC ("KTM"), based on KTM's alleged violations of the Americans with Disabilities Act. Mr. Donaldson contends relief under Rule 27 is necessary and justified because:

> Mr. Donaldson is a Stage 4 colon cancer patient with documented cancer growth in his liver and lungs whose oncologist has confirmed he faces significant, non-speculative risk of becoming unable to testify due to disease progression, treatment complications, or death. He possesses unique, irreplaceable testimony regarding his former employer's explicit admission that he was fired because his cancer treatments were too expensive—direct evidence of disability discrimination.
>
> Federal administrative exhaustion requirements prevent him from filing suit at this time. 42 U.S.C. § 2000e-5(f)(1). Without immediate preservation of his testimony, there is substantial medical probability that this critical evidence will be permanently lost.

[Doc. 2 at Page ID # 43–44 (other internal citations omitted)].

The day after the Petition was filed, the Court entered an order requiring KTM to respond to the Petition by April 28, 2026 [Doc. 3]. The order stated that any reply from Mr. Donaldson was

due on May 1, 2026 [*id.*]. KTM timely filed a response in opposition to the Petition [Doc. 4]. Mr. Donaldson did not file a reply, and the May 1 deadline has now passed.

Rule 27(a), Depositions to Perpetuate Testimony, provides, in pertinent part:

**(a) Before an Action Is Filed.**

> **(1)** *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
>> **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>>
>> **(B)** the subject matter of the expected action and the petitioner's interest;
>>
>> **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>>
>> **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>>
>> **(E)** the name, address, and expected substance of the testimony of each deponent.
>
> **(2)** *Notice and Service.* At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4 . . . .
>
> **(3)** *Order and Examination.* If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. . . .

2

> **(4)** *Using the Deposition.* A deposition to perpetuate testimony may be used under Rule 32(a) in any later-filed district-court action involving the same subject matter if the deposition either was taken under these rules or, although not so taken, would be admissible in evidence in the courts of the state where it was taken.

KTM argues the Petition should be denied because Mr. Donaldson "fails to meet element one because he is not unable to bring suit." [Doc. 4 at Page ID # 51]. KTM does not dispute that Mr. Donaldson is required to administratively exhaust his claim with the EEOC before filing suit, but it contends Mr. Donaldson should have received (or can now demand) his EEOC right-to-sue letter by May 3, 2026. After that, according to KTM, Mr. Donaldson "would be permitted to file suit and proceed through the standard discovery process, including expedited relief if warranted." [*Id.* at Page ID # 52].

Mr. Donaldson makes the conclusory allegation that he "cannot file suit for months due to mandatory EEOC administrative exhaustion requirements," and that "depositions in the normal litigation process could be over a year away," [Doc. 2 at Page ID # 32, 40] but he did not file a reply to dispute KTM's timeline for the right-to-sue letter[1] or to address KTM's proposal that he move for expedited discovery in the forthcoming civil lawsuit. Mr. Donaldson also has not disputed KTM's assertion that "the timeline proposed by Donaldson is not shorter and **is likely longer than the timeline for obtaining a right-to-sue, filing a complaint, and moving for expedited discovery**." [Doc. 4 at Page ID # 52 (emphasis added)].[2]

---

[1] KTM notes Mr. Donaldson filed a second charge of discrimination with the EEOC on February 12, 2026 [Doc. 4 at Page ID # 50]. However, Mr. Donaldson does not address this later-filed charge or contend he must wait for a second right-to-sue letter charge before he can file suit against KTM.

[2] Based on KTM's representations in its response to the Petition, the Court presumes KTM is not opposed to expedited discovery in the forthcoming lawsuit between the parties.

3

Accordingly, the Court **DENIES** the Petition [Doc. 1] on the grounds that Mr. Donaldson has not shown that he "cannot presently" file suit or that the Rule 27(a) deposition is needed to prevent the "delay of justice." *See* Fed. R. Civ. P. 27(a)(1), (3); *see also Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374 (D.D.C. 1995) ("once the administrative process is concluded, appellants will ordinarily have no need for perpetuating testimony since they can file their action and take depositions as part of routine discovery").

KTM also disputes whether Mr. Donaldson's "inability to testify through a regular discovery process is truly a factual certainty or imminent," emphasizing that Mr. Donaldson's "physician states only that there a theoretical, prospective risk he may not be able to provide testimony at some undefined point in the 'future.'" [Doc. 4 at Page ID # 52]. Because the Court has determined the Petition must be denied on other grounds, it is unnecessary for the Court to address this argument in any detail. It suffices to note that, contrary to KTM's suggestion, Mr. Donaldson has already submitted more than "[m]ere allegations," regarding the seriousness of his health issues. [*See* Doc. 4 at Page ID # 52 (KTM's response brief, quoting *May v. Int'l Bus. Assocs.*, 791 F.2d 934, 1986 WL 16014 (6th Cir. Apr. 17, 1986)). *Cf. PegaSync Techs., Inc. v. Patros*, No. 14-MC-50440, 2014 WL 2763620, at *3 (E.D. Mich. June 18, 2014) (granting Rule 27(a) motion as to deponent who "is 72 years old and suffers from serious health problems," noting "he recently had two serious heart surgeries, one of which resulted in complications, and he also suffers from chronic anemia, which presents a greater risk of complications with his heart problems.")].

SO ORDERED.

ENTER:  /s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

4